ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MARQUELL DAVIS | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 1:24-CR-00503(1)<br>USM Number: 44073-511<br>Vadim A. Glozman<br>Defendant's Attorney |

**Date of Original Judgment: 9/30/2025**
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) two (2), three (3), and four (4) of the indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. §2119 Motor Vehicle Theft - Carjacking | 11/03/2022 | 2 |
| 18 U.S.C. §924(c)(1)(A) Use, Carry, and Brandish Firearm During a Crime of Violence | 11/03/2022 | 3 |
| 18 U.S.C. §2119 Motor Vehicle Theft - Carjacking | 11/03/2022 | 4 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s) _____

☒ Count one (1) of the indictment is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 7, 2025
Date of Imposition of Judgment

_____
Signature of Judge

Matthew F. Kennelly, United States District Judge
Name and Title of Judge

10-8-2025
Date

Case: 1:24-cr-00503 Document #: 210 Filed: 10/08/25 Page 2 of 12 PageID #:3214

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment Judgment – Page 2 of 6

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# *IMPRISONMENT*

*The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Sixty (60) months as to counts two (2) and four (4) of the indictment. The terms are to run concurrently with each other. Eighty-four (84) months as to count three (3) of the indictment. Count three (3) is to run consecutively with counts two (2) and four (4) of the indictment. The Court imposed the term of imprisonment with the understanding that the defendant will be given time-served credit for all the time he served in custody in state court on case nos. 23 CR 538501, 23 CR 0539001, and 23 CR 0538701.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to an institution where he can participate in the residential drug and alcohol program at an appropriate point during his incarceration. The Court also recommends that the defendant be designated to an institution as close to Chicago as possible due to the defendant's family residing in the area. Any costs of imprisonment are waived due to the defendant's inability to pay.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at    on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 pm on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

                                                                   _____
                                                                   UNITED STATES MARSHAL

                                                     By _____
                                                                   DEPUTY UNITED STATES MARSHAL

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release                                                                                   Judgment – Page 3 of 6

DEFENDANT:  MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Three (3) years as to counts two (2), three (3), and four (4) of the indictment. Any costs of supervised release are waived due to the defendant's inability to pay. The terms of supervised release are to run concurrently with one another.

    The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

# *DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)*

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, or work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not: knowingly meet or communicate with the following persons: Edmund Singleton and Ramone Bradley.

3. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%; or ☐ ), and from any use of a narcotic drug or other controlled substance, as defined in §102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner.

4. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

5. The defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

6. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

7. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

Case: 1:24-cr-00503 Document #: 210 Filed: 10/08/25 Page 4 of 12 PageID #:3216

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 4 – Supervised Release  Judgment – Page 4 of 6

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

8. The defendant shall report to the probation office in the federal judicial district to which you are released within 72 hours of his release from imprisonment. The defendant shall thereafter report to the probation officer at reasonable times as directed by the court or a probation officer.

9. The defendant will permit a probation officer to visit him at any reasonable time at home or any location that the probation officer may enter by right or consent and will permit confiscation of contraband in plain view.

10. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

*11. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

12. The defendant shall satisfy such other special conditions as ordered below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)
The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 10 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of his gross earnings minus federal and state income tax withholdings.

3. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

4. The defendant shall observe one Reentry Court session, as instructed by his probation officer.

Case: 1:24-cr-00503 Document #: 210 Filed: 10/08/25 Page 5 of 12 PageID #:3217

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 5 of 6

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment****  |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the       .

  ☐ the interest requirement for the       is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $300 due immediately.

  ☐ balance due not later than         , or

  ☐ balance due in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal         (e.g. weekly, monthly, quarterly) installments of $       over a period of       (e.g., months or years), to commence       (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal         (e.g. weekly, monthly, quarterly) installments of $       over a period of       (e.g., months or years), to commence       (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within       (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| v. | ) | |
| MARQUELL DAVIS | ) | Case Number: 1:24-CR-00503(1) |
| | ) | USM Number: 44073-511 |
| | ) | |
| | ) | Vadim A. Glozman |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) two (2), three (3), and four (4) of the indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §2119 Motor Vehicle Theft - Carjacking | 11/03/2022 | 2 |
| 18 U.S.C. §924(c)(1)(A) Use, Carry, and Brandish Firearm During a Crime of Violence | 11/03/2022 | 3 |
| 18 U.S.C. §2119 Motor Vehicle Theft - Carjacking | 11/03/2022 | 4 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count one (1) of the indictment is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 30, 2025
Date of Imposition of Judgment

_____
Signature of Judge
Matthew F. Kennelly, United States District Judge
Name and Title of Judge

10-1-2025
Date

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Sixty (60) months as to counts two (2) and four (4) of the indictment. The terms are to run concurrently with each other. Eighty-four (84) months as to count three (3) of the indictment. Count three (3) is to run concurrently with counts two (2) and four (4) of the indictment. The Court imposed the term of imprisonment with the understanding that the defendant will be given time-served credit for all the time he served in custody in state court on case nos. 23 CR 538501, 23 CR 0539001, and 23 CR 0538701.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to an institution where he can participate in the residential drug and alcohol program at an appropriate point during his incarceration. The Court also recommends that the defendant be designated to an institution as close to Chicago as possible due to the defendant's family residing in the area. Any costs of imprisonment are waived due to the defendant's inability to pay.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at          on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 pm on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Three (3) years as to counts two (2), three (3), and four (4) of the indictment. Any costs of supervised release are waived due to the defendant's inability to pay.

    The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, or work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not: knowingly meet or communicate with the following persons: Edmund Singleton and Ramone Bradley.

3. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%; or ☐ ), and from any use of a narcotic drug or other controlled substance, as defined in §102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner.

4. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

5. The defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

6. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

7. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

Case 1:24-cr-00503 Document #: 201 Filed 10/08/25 Page 10 of 12 PageID #:3732
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Judgment – Page 4 of 6

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

8. The defendant shall report to the probation office in the federal judicial district to which you are released within 72 hours of his release from imprisonment. The defendant shall thereafter report to the probation officer at reasonable times as directed by the court or a probation officer.

9. The defendant will permit a probation officer to visit him at any reasonable time at home or any location that the probation officer may enter by right or concept and will permit confiscation of contraband in plain view.

10. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

11. The defendant shall satisfy such other special conditions as ordered below.

**SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)**
The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 10 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of his gross earnings minus federal and state income tax withholdings.

3. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

4. The defendant shall observe one Reentry Court session, as instructed by his probation officer.

ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 5 of 6

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the _____.

☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARQUELL DAVIS
CASE NUMBER: 1:24-CR-00503(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $300 due immediately.

    ☐ balance due not later than     , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal      *(e.g. weekly, monthly, quarterly)* installments of $      over a period of      *(e.g., months or years)*, to commence      *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal      *(e.g. weekly, monthly, quarterly)* installments of $      over a period of      *(e.g., months or years)*, to commence      *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within      *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

**\*\*See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\***

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.